THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KATHRYN PEREDA,
an individual,

    Plaintiff,

vs.

BROOKDALE SENIOR LIVING
COMMUNITIES, INC., a Delaware
corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, KATHRYN PEREDA, sues Defendant, BROOKDALE SENIOR LIVING COMMUNITIES, INC., and alleges the following:

### JURISDICTION, VENUE, PARTIES AND JURY DEMAND

1. This is an action brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, which is within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C.A. § 2617(a)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because: a) Defendant resides in this District within the meaning of 28 U.S.C. § 1391(c); and b) this is the District in which a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred.

3. Plaintiff, KATHRYN PEREDA ("Pereda"), at all times material to this lawsuit, was and is a resident of Broward County, Florida.

4. Defendant, BROOKDALE SENIOR LIVING COMMUNITIES, INC. (hereinafter "Brookdale"), is a corporation organized and existing under the laws of Delaware, and which does substantial and not isolated business in Broward County, Florida.

5. Brookdale is subject to personal jurisdiction in this District and in this Court pursuant to Florida Statutes § 48.193, based on the allegations of paragraph 4, and based on the fact, *inter alia*, that Brookdale is duly authorized to do business in Florida by the Florida Secretary of State.

6. Upon information and belief, and at all times material hereto, Brookdale employed more than 50 employees for each working day in each calendar year within the meaning and contemplation of the FMLA.

7. At the time of the incidents relevant to this action, Pereda was employed by Brookdale at its business location denoted "The Preserve at Palm-Aire" located in Pompano Beach, Broward County, Florida.

8. Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment to the United States Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

9. All conditions precedent to the maintenance of this action by Plaintiff have occurred, or have been waived, performed or excused.

10. Plaintiff has retained the undersigned law firm as her legal counsel in connection with this action, and is obligated to pay reasonable attorneys' fee and all costs incurred in connection therewith.

**GENERAL ALLEGATIONS**

11. Pereda was first employed by Brookdale on October 5, 2008.

12. Pereda was terminated by Brookdale's management on September 5, 2009.

13. From October 5, 2008 through September 5, 2009, Brookdale was Pereda's employer within the meaning of 29 U.S.C. § 2611(4).

14. Brookdale's management discovered that Pereda was pregnant in June of 2009.

15. At the time Brookdale's management learned of Pereda's pregnancy, she told them that she anticipated taking FMLA leave. Moreover, by the very nature of pregnancy, Brookdale's management knew that Pereda would take FMLA leave upon delivering her baby. Pereda's due date was estimated to be November 30, 2009 – almost seven weeks after the one-year anniversary of her employment with Brookdale.

16. Prior to that time, Pereda was a top employee within Brookdale.

17. After learning of that she was pregnant, Pereda began to suffer harassment from Brookdale's management.

18. Brookdale's management commenced denigrating Pereda's job performance as a pretext to firing her based on her pregnancy and in anticipation of the fact that Pereda would take leave under the FMLA.

19. Brookdale placed Pereda on a performance improvement plan with goals which were unattainable, though Pereda tried her best to attain those goals.

20. Because of the undue stress being placed on her by Brookdale's management, Pereda began suffering pregnancy complications in late July and early August of 2009.

21. At the time of these complications, Pereda was eligible for accrued sick pay and personal leave.

22.     Before being placed on a performance improvement plan by Brookdale, Pereda was told by its management that she was permitted to take time to go to the doctor relative to her pregnancy.

23.     After being placed on the performance improvement plan, Brookdale's management began writing-up Pereda for taking time to visit the doctor relative to her pregnancy, even though Pereda was entitled to take those accrued days, and even though other Brookdale employees were not written-up for taking personal or sick days.

24.     As Brookdale continued its pretextual course of conduct to terminate Pereda, its management began basing Pereda's performance on skewed, inaccurate data. The regional director under which Pereda worked admitted the figures were skewed, but nonetheless Pereda's job performance was based on those figures.

25.     Brookdale's management conducted an internal investigation of the use of the skewed data in performance evaluations, and it was determined that only Pereda's performance was based on those data.

26.     In August of 2009, Pereda took a few sick days, notifying Brookdale's management of the same by email. When she returned, she was written-up by Brookdale's management because she did not verbally speak with someone to approve the sick days, even though Pereda has sent the email to that effect.

27.     Also in August of 2009, Pereda submitted to Brookdale a request for leave to tend to her pregnancy-related medical issues. Noting that Pereda was at the time not eligible for FMLA leave, Brookdale nonetheless notified Pereda that she was eligible for non-FMLA leave including use of sick days, personal days and vacation days.

28.     In the beginning of September, 2009, Pereda took another day to visit the prenatal doctor relative to her pregnancy. At that time, Pereda had accrued 14 vacation days and was eligible to use those days relative to her pregnancy wellness care.

29.     Brookdale would not permit Pereda to return to work unless her treating physician provided a written statement that cleared Pereda to return to work without restrictions. Brookdale forced Pereda to take a leave of absence until such time as Brookdale's management cleared Pereda for return to work.

30.     Brookdale's human resources department delayed clearance such that one day off turned into three days off before Pereda was cleared to return. Even so, Pereda met her goals as an employee of Brookdale.

31.     The following Monday, Pereda was unable to come to work and went to her treating physician due to pregnancy complications.

32.     Returning to work on Tuesday, she was sick that day and the following Wednesday such that her manager told Pereda to go visit the doctor to tend to her medical needs.

33.     Pereda went to her doctor as instructed. Based on the bloodwork then performed by Pereda's physician, Pereda was instructed to rest for three to four days with no work.

34.     On that day, Pereda had left her employment location at 10:30 a.m. She called Brookdale at 12:15 pm. asking to speak with the Executive Director. She left a message for the Executive Director, but he never returned Pereda's telephone call.

35.     Several days later, Pereda called Brookdale to attempt again to speak with someone relative to her physician's instructions for bedrest. At that time, she was fired by Brookdale's

management claiming that Pereda did not speak with someone regarding her time off, even though she tried to do so without the courtesy of the Executive Director even returning her phone call.

36. Pereda's was entitled to FMLA leave pursuant to 29 U.S.C.A. § 2612(a)(1)(A) due to the anticipated birth of her child.

37. Pereda was an eligible employee of Brookdale pursuant to and within the meaning of 29 U.S.C. § 2611(2), in that at the time she would have commenced her FMLA pregnancy leave on or about November 30, 2009, she would have worked for Brookdale for at least12 months and 1250 hours.

## COUNT I – FMLA INTERFERENCE

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

39. Brookdale's failure to grant FMLA leave to Pereda upon request constitutes a violation of 29 U.S.C. § 2615(a)(1) for interference with Pereda's FMLA rights, insofar as Brookdale denied Pereda benefits under the FMLA to which she was entitled, and terminated her for attempting to exercise those rights.

40. As a result of its violation of 29 U.S.C. § 2615(a)(1) as alleged herein, Brookdale is liable to Pereda for all wages, salary, employment benefits and other compensation denied her by Brookdale, actual monetary losses sustained by Pereda as a direct result of Brookdale's violaiton, and other sums up to 12 weeks of wages and/or salary for Pereda, plus interest, liquidated damages, employment, and reinstatement.

## COUNT II – FMLA RETALIATION

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

42. The actions of Brookdale alleged herein, including failure to grant leave to Pereda for attempting to exercise her right to leave and discharging Pereda for attempting to oppose Brookdale in denying her right to leave were motivated by an impermissible retaliatory or discriminatory animus such that those actions constitute a violation of 29 U.S.C. § 2615(a)(2).

43. As a result of its violation of 29 U.S.C. § 2615(a)(2) as alleged herein, Brookdale is liable to Pereda for all wages, salary, employment benefits and other compensation denied her by Brookdale, actual monetary losses sustained by Pereda as a direct result of Brookdale's violation, and other sums up to 12 weeks of wages and/or salary for Pereda, plus interest, liquidated damages, employment, and reinstatement.

WHEREFORE, KATYRYN PEREDA demands entry of a judgment against BROOKDALE SENIOR LIVING COMMUNITIES, INC., as follows:

1. Statutory damages for lost wages, benefits, and other compensation, plus interest on such sum at the statutory rate, pursuant to 29 U.S.C.A. 2617(a)(1)(A)(i) and (ii); and

2. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. 2617(a)(1)(A)(iii); and

3. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. 2617(a)(1)(B); and

4. Attorneys' fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. 2617(a)(3); and

5.      Such other relief as this Court may deem just and proper.

DATED: May 11, 2010.

                Respectfully submitted,

                HOLIDAY RUSSELL, P.A.
                3858 Sheridan Street
                Hollywood, Florida 33021
                Telephone: 954.920.5153
                Facsimile: 954.920.5126
                Email: hhrussell@holidayrussell.com


                By:_____s/Holiday Hunt Russell_____
                        HOLIDAY HUNT RUSSELL
                        Fla. Bar No.: 955914